# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

TORY RAY MAYBERRY,           )
                             )
          Petitioner,        )
                             )
     vs.                     )     Case No. CIV-13-1055-W
                             )
HECTOR RIOS (WARDEN),        )
                             )
          Respondent.        )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge Lee R. West referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the petition and recommends that it be dismissed on filing.

## I.   Background.

In Custer County District Court, Case Nos. CF-10-325 and CF-10-367, Petitioner plead guilty and was convicted of: (1) possession of a controlled substance within 1000 feet of a school after a former felony conviction; (2) conspiracy to deliver and/or manufacture and/or possess a controlled dangerous substance after two or more former felony convictions; (3) unlawful use of a communication facility; and (4) two counts of possession of drug

paraphernalia.  Doc. 1, at 1 & Ex. A, at 1.[1]  The state court entered judgment on March 21, 2011.  Doc. 1, at 1.

Petitioner did not file a motion to withdraw his guilty plea.  *Id.* at 2. Instead, on September 6, 2011, Petitioner filed a "motion for judicial review/modification."  Doc. 1, at 3 & Exs. C, D.  The trial court denied the motion on September 19, 2011, and Petitioner did not appeal.  Doc. 1, at 3. Next, on March 21, 2012, Petitioner filed a motion for "post-conviction/motion for judicial review/modification."  *Id.*  Thereafter, on May 5, 2012, Petitioner filed a "motion/reply."  Doc. 1, at Ex. D.  On June 1, 2012, the trial court ruled:

> According to Defendant/Petitioner's motion filed May 5, 2012, Petitioner will be filing an application for post conviction relief in the very near future.  Sentence modification has already been denied.  Court denies to consider any further relief until that application for post conviction relief is received.

*Id.*

Petitioner eventually filed an application for post-conviction relief on December 5, 2012, and the trial court denied relief on April 22, 2013.  Doc. 1, at 3, 5 & Ex. D.  Petitioner appealed, and the Oklahoma Court of Criminal Appeals affirmed on August 6, 2013.  Doc. 1, at 7 & Ex. B at 1-3.

---

[1]     Page citations reflect this court's CM/ECF pagination.

Petitioner filed the instant action on September 13, 2013,[2] seeking relief based on: (1) ineffective assistance of counsel, (2) an excessive sentence, (3) the state and appellate courts' failure to address the excessive sentence claim in post-conviction relief, and (4) the trial court's abuse of discretion in: (a) allowing the State more than thirty days to respond to his application; (b) considering the State's response rather than striking the document as untimely; and (c) ruling on the application for post-conviction relief without allowing Petitioner an opportunity to file a reply to the State's response. Doc. 1, at 5-6, 17-23.

## II.    Screening requirement.

Pursuant to Rule 4, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing 2254 Cases in the United States District Courts. Under this rule, the Court may raise the issue of timeliness. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

---

[2]    The Court deems the petition filed on the date Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). Petitioner verifies that date as September 13, 2013. Doc. 1, at 16.

## III.  Analysis.

Petitioner's habeas petition is divided into two categories.  That is, Petitioner challenges:  (1) the state courts' alleged errors in addressing his application for post-conviction relief, and (2) his underlying convictions.  The undersigned finds that the first set of claims are meritless and the statute of limitations bars the second set of claims.

### A.  Petitioner's claims involving alleged abuses of discretion during state post-conviction proceedings.

As noted above, Petitioner seeks federal habeas relief on grounds that during post-conviction proceedings:  (1) the trial and appellate courts failed to address his excessive sentence claim, and (2) the trial court:  (a) allowed the State more than thirty days to respond to his application for relief; (b) considered the State's response when it should have been stricken as untimely; and, (c) issued a ruling before allowing Petitioner an opportunity to reply to the State's response.  These claims, even if true, do not entitle Petitioner to federal habeas relief.

It has long been established that "no constitutional provision requires a state to grant post-conviction review."  *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)).  Thus, Petitioner's claims which focus "only on the State's post-conviction remedy and not the judgment which  provides the basis for his  incarceration,

. . . state[] no cognizable federal habeas claim." *Id.* Accordingly, the undersigned recommends that the Court summarily dismiss these claims. *See Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors in the post-conviction proceedings.") (citing *Sellers*, 135 F.3d at 1339).

## B. Petitioner's claims involving his underlying convictions.

Petitioner also challenges his underlying convictions based on ineffective assistance of counsel and an excessive sentence. Regarding the first claim, Petitioner alleges that his attorney failed to withdraw his guilty plea and was otherwise constitutionally ineffective because she was involved in her own illegal activities while representing Petitioner. Doc. 1, at 5, 17-18, 21. The undersigned finds that the statute of limitations bars these claims.

### 1. The starting date for the statute of limitations.

The claims relating to the convictions are subject to a one-year period of limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). That clock begins to run in relevant part when the convictions became final or when the factual predicate underlying the claims was discoverable with the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A), (D).

Petitioner alleges that his trial attorney assured him that he would receive less than a fifteen-year sentence with a blind plea and promised that she would file a motion to withdraw the guilty plea if the sentence exceeded that time. Doc. 1, at 17. Petitioner explains that after the state court imposed a twenty-five year sentence on March 21, 2011, his attorney promised to "be over to see [him] and discuss [his] options." *Id.* The attorney never met with Petitioner nor filed a motion to withdraw the plea. Petitioner alleges that he and family members spent months trying to contact the attorney, and learned on July 9, 2011, that his attorney had been arrested. *Id.* At that time, Petitioner concluded that his attorney's own legal issues would "explain her abandonment of my direct appeal proceeding(s)." *Id.*

Petitioner would have known that his sentence was allegedly excessive on the date he was convicted and the undersigned finds it likely that he could have discovered that his attorney did not file a timely motion to withdraw the guilty plea before July 9, 2011. However, Petitioner likely could not have discovered that his attorney was allegedly involved in illegal activities before her arrest on July 9, 2011. For this reason, and for judicial economy, the undersigned applies § 2244(d)(1)(D) and concludes that on all Petitioner's claims relating to his underlying convictions, the statute of limitations began running on July 9, 2011. Thus, without tolling, Petitioner's statute of limitations expired on July 10, 2012.

## 2. Statutory tolling.

Statutory tolling is available when during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). As noted above, Petitioner filed numerous motions in state court.

The first was filed on September 6, 2011, and was pending until September 19, 2011. However, this motion sought only a sentence modification, Doc. 1, at Ex. C, and does not constitute a "petition for collateral review" for statutory tolling purposes. *See Nicholson v. Higgins*, 147 F. App'x 7, 8 n.2 (10th Cir. 2005) (concluding that motions for sentence modification "seek discretionary review, their denial is not appealable, and they therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period"); *Mayes v. Province*, 353 F. App'x 100, 102, 104-105 (10th Cir. 2009) (noting that the magistrate judge had rejected statutory tolling for a motion for sentence modification because it was not a "'properly filed application for State post-conviction or other collateral review'" and affirming the court's findings) (citation omitted). Thus, the statute of limitations was not tolled while Petitioner's September 6, 2011 motion was pending in state court.

Petitioner filed his second motion on March 21, 2012, and the trial court denied relief on June 1, 2012 – seventy-three days later. Petitioner did not attach this motion and the undersigned cannot conclusively say that it would constitute a proper petition for collateral relief. However, Petitioner's exhibit reveals that the trial court ordered a response to the "application for post-conviction relief," Doc. 1, at Ex. D, so the undersigned grants Petitioner the benefit. With that, Petitioner is entitled to tolling for the seventy-three days the action was pending in state court, plus the thirty-days in which he could have sought appellate review. *See Williams v. Gibson*, 237 F.3d 1267, 1269 (10th Cir. 2001) (holding that "the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law"); *see also* Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals (giving a petitioner thirty days in which to appeal the denial of an application for post-conviction relief). With tolling for 103 days, Petitioner's statute of limitations was extended to October 22, 2012.[3]

Finally, Petitioner filed a third motion on December 5, 2012. However, because the statute of limitations had already expired, Petitioner is not entitled to any statutory tolling while that post-conviction action was

---

[3] With tolling for an additional 103 days, the statute of limitations would have expired on Sunday, October 21, 2012. Thus, Petitioner would have had until Monday, October 22, 2012, in which to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

pending.  *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001)

("Fisher's petitions cannot be tolled for time spent in state post conviction

proceedings because his applications for post conviction relief were not filed

until [his limitations period had already expired].").

### 3.    Equitable tolling.

In appropriate circumstances, the limitations period may also be tolled

for equitable reasons.  *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).

However, equitable tolling would be available only if an extraordinary

circumstance stood in Petitioner's way and prevented timely filing.  *See id.* at

2562; *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (Equitable tolling

is available only in "'rare and exceptional circumstances.'") (citation omitted).

Examples of when equitable tolling would be appropriate include:  (1) actual

innocence;  (2) "an adversary's conduct – or other uncontrollable

circumstances – prevents a prisoner from timely filing"; or, (3) when a

prisoner has actively pursued judicial remedies but filed a defective pleading

during the statutory time period.  *Gibson*, 232 F.3d at 808.

Petitioner states that his September 6, 2011 and March 21, 2012

motions were both defective.  Doc. 1, at 13.  However, Petitioner's own exhibit

states that his September 6, 2011 motion was denied on the merits and that

the trial court ordered a response to the March 21, 2012 motion.  Doc. 1, at

Ex. D.  This indicates that neither motion was "defective" for equitable tolling

purposes. Moreover, after Petitioner indicated his desire to file another application for post-conviction relief, he waited another six months (from June 1, 2012, to December 5, 2012) to file the relevant pleading. Accordingly, the undersigned finds that equitable tolling is unwarranted on this basis.

### 4. Summary.

With tolling, Petitioner's statute of limitations expired on October 22, 2012. Petitioner did not file his petition until September 13, 2013, almost eleven months out of time.

## IV. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned finds that Petitioner's claims challenging the state courts' alleged errors in post-conviction proceedings are meritless, and his claims involving his underlying convictions are untimely. Thus, the undersigned recommends that the petition be summarily dismissed.

Petitioner is advised of his right to file an objection to this report and recommendation with the Clerk of this Court by November 18, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Finally, this recommendation serves as Petitioner's opportunity to further

address any arguments related to the statute of limitations issue. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished op.) (noting no "due process problem" concerns with the magistrate judge raising an issue sua sponte where petitioner could "address the matter by objecting" to the report and recommendation).

The Clerk of the Court is instructed to electronically forward a copy of this report and recommendation to the Oklahoma Attorney General on behalf of Respondent at the following address: fhc.docket@oag.state.ok.us.

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 29th day of October, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE