IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

TOREY RAY MAYBERRY, )
)
Petitioner, )
)
vs. ) No. CIV-13-1055-W
)
HECTOR RIOS (Warden), )
)
Respondent. )

## ORDER

On October 29, 2013, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Torey Ray Mayberry be summarily dismissed. Mayberry, appearing pro se, was advised of his right to object, and the matter now comes before the Court on Mayberry's Objection to Report and Recommendation. See Doc. 6.

Upon de novo review of the record, the Court concurs with Magistrate Judge Mitchell's suggested disposition of this matter.

Mayberry entered a blind plea of guilty or plea of nolo contendere to, and was convicted of, one count of possession of a controlled substance within 1000 feet of a school, after a former felony conviction, three counts of conspiracy to deliver and/or manufacture and/or possess a controlled dangerous substance, after two or more former felony convictions, one count of unlawful use of a communication facility and one count of unlawful possession of drug paraphernalia. State v. Mayberry, Case No. CF-10-325; State v. Mayberry, Case No. CF-10-367. The trial judge in the District Court for Custer County,

Oklahoma, entered judgment on March 21, 2011, and sentenced Mayberry to a term of incarceration of twenty-five (25) years on all counts, with the sentences to run concurrently.

In a letter dated September 6, 2011, Mayberry sought judicial review of his sentences, see Doc. 1-3; his request was denied on September 19, 2011. See Doc. 1-4. No further significant action was taken until March 21, 2012, when Mayberry filed a document, entitled on the state court docket as both a "Motion for Judicial Review," see id., and a "Motion for One-Year Judicial Review and Sentence Modification." See id. The State of Oklahoma ("State") filed its response thereto on April 30, 2012, as directed by the state court, and on May 5, 2012, Mayberry filed a document, which is listed on the docket as a "Motion/Reply to State's Response." See id.

On June 1, 2012, the state court determined that Mayberry's request for sentence modification had already been denied, and it advised that it would await Mayberry's request for post-conviction relief before taking any further action. Mayberry eventually filed his Application for Post-Conviction Relief on December 5, 2012. See id. After finding that Mayberry had "received competent legal representation in th[e state court] case," Doc. 1-1 at 2, the state court denied the application on April 22, 2013. See id. Mayberry appealed, and the Oklahoma Court of Criminal Appeals affirmed on August 6, 2013. Mayberry v. State, No. PC-2013-470 (Okla. Crim. 2013).

Mayberry has argued in the instant Petition that he is entitled to habeas relief on the following grounds: (1) ineffective assistance of trial counsel;[1] (2) excessive sentences; (3) failure of the state and appellate courts to address the excessive sentence claim during

---

[1] Mayberry has complained that trial counsel was ineffective because, among other reasons, she "was involved in criminal activity during her representation of [him] . . . ." Doc. 1 at 3.

2

post-conviction proceedings; and (4) abuse of discretion by the state court at the post-conviction stage (a) when it allowed the State more than thirty (30) days to respond to his Application for Post-Conviction Relief, (b) when it failed to strike the State's response as untimely and (c) when it failed to consider his reply.

As Magistrate Judge Mitchell found, the Court concludes that Mayberry's claims that are based on his underlying convictions (ineffective assistance of counsel and excessive sentences) are barred by the statute of limitations and that his claims that seek relief due to alleged errors during the post-conviction proceedings are not cognizable.

Mayberry's Petition is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). For AEDPA purposes, Mayberry's convictions became final on July 9, 2011;[2] thus, the one-year limitations period began to run on July 10, 2011, and Mayberry had until July 10, 2012, to seek relief under section 2254. Mayberry's ineffective assistance of counsel and excessive sentence claims, which are deemed filed on September 13, 2013, are therefore time-barred unless Mayberry can establish that AEDPA's one-year limitations period has been equitably and/or statutorily tolled.

Equitable tolling is permitted only in "rare and exceptional circumstances," Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), and Mayberry has advanced no arguments that warrant such relief. E.g., Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)(petitioner

---

[2] Although Mayberry would have known of the alleged excessiveness of his sentence on March 21, 2011, he arguably could not have discovered trial counsel's alleged ineffective representation until July 9, 2011, the date she was arrested.

3

entitled to equitable tolling only if he shows diligence and some extraordinary circumstance prevented timely filing).

Mayberry is, however, entitled to statutory tolling, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted), for a period of seventy-three (73) days while his post-conviction application was under consideration, plus an additional period of thirty (30) days for appellate review. See Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals (petitioner granted 30 days to appeal denial of application for post-conviction relief). AEDPA's limitations period, after application of Rule 6(a)(1)(C), F.R.Civ.P., was therefore extended to October 22, 2012. Even still, Mayberry's claims remain time-barred.

The Court has next considered Mayberry's claims based upon alleged errors during the post-conviction proceedings. "[N]o constitutional provision requires a state to grant post-conviction review." Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998)(citing Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)). Thus, because these alleged errors focus only on the post-conviction proceedings and not on the convictions and judgment that provide the basis for his incarceration, Mayberry has not stated an actionable federal habeas claim. E.g., id. See Lopez v. Trani, 621 F.3d 1228 (10th Cir. 2010); Leonard v. Parker, 353 Fed. Appx. 93 (10th Cir. 2009)(cited pursuant to Tenth Cir. R. 32.1).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 5] issued on October 29, 2013;

(2) DISMISSES with prejudice Mayberry's claims that are time-barred;

(3) DENIES as not cognizable those claims grounded on errors allegedly committed during post-conviction proceedings; and

4

(4) likewise DISMISSES the Attorney General of the State of Oklahoma as a respondent in this matter since Hector Rios, the state officer having custody of the petitioner, is the only proper respondent. See Rule 2, Rules Governing Section 2254 Cases in the United States District Courts.

ENTERED this 21st day of November, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE